## HARRIS *v.* DURAN.

1. Since the statute of 1877 (Gen. Laws, § 595) a county judge assuming to act as *ex officio* justice of the peace is without authority of law.

2. An appeal taken to the county court from a county judge sitting as a justice of the peace is nugatory. In such case, however, by following the appeal and consenting to trial, the county court having jurisdiction of the subject-matter, the appellee may waive his right to object to the jurisdiction over the person. If he would have this court review the ruling of the court below denying his motion to dismiss the appeal, he must reserve an exception to such ruling.

*Error to County Court of Ouray County.*

THE case is stated in the opinion.

Mr. C. S. THOMAS, for plaintiff in error.

Messrs. E. MILES, G. W. ANDREWS & WM. STORY, for defendant in error.

THATCHER, C. J.  On the 14th day of July, A. D. 1877, Abram Cutler, then being county judge of Ouray county, assuming to act *ex officio* as a justice of the peace issued a summons for Harris to appear before him to answer the suit of Duran for failure to pay him a certain demand not exceeding three hundred dollars.

On the twentieth day of the same month, the cause coming on to be heard, Cutler, in his assumed capacity of justice of the peace, gave judgment against Harris for $207$\frac{50}{100}$ and costs, from which Harris appealed to the county court. On the trial in the county court, Cutler, in the capacity of county judge, rendered judgment on the verdict of the jury against Harris for $145$\frac{21}{100}$ and costs. The case is brought to this court on error, and reversal of the judgment is sought on the sole ground that the court below had no jurisdiction to hear and determine the cause.

Prior to the first session of the State legislature, probate judges were vested with the same powers and jurisdiction conferred by law upon justices of the peace. R. S., 1868, p. 522, § 3.

By the schedule to the State Constitution, the provisions of law above cited then in force were made applicable to county judges, until repealed. §§ 1 and 9 of the Schedule. March 22d, 1877, the statute conferring the jurisdiction of justices of the peace upon county judges, was repealed. Gen. Laws, p. 260, § 25. This repealing statute went into effect ninety days after its enactment. As the summons was not issued in this case until July 14th, 1877, by the county judge, assuming to act as *ex officio* justice of the peace, it was without authority of law. The whole proceeding was nugatory. The pretended judgment was *coram non judice.* There was no judicial determination from which an appeal might be taken.

The appellee, however, followed the pretended appeal.

Both parties duly appeared in court, one to prosecute, and the other to defend the cause. And although the record discloses that the defendant subsequently made a motion to dismiss the appeal and case, which was denied, there being no bill of exceptions, it does not appear that the defendant excepted to this ruling. The record, however, affirmatively shows that the defendant afterward consented to the trial of the case before the county court and invoked its jurisdiction. We find the following record entry: "And thereupon, upon motion of the *defendant* a venire was issued," etc. The suit stood as though it had never before been brought, and was then pending for the first time in the county court, which, beyond question, had jurisdiction of the subject-matter of the controversy.

It was competent for the defendant to waive a mere personal privilege by voluntarily entering his appearance in the cause, and as he proceeded to trial in this case, which was within the jurisdiction of the court, without reserving an exception, we cannot now entertain an objection not properly taken in the court below.

The judgment of the lower court is

*Affirmed.*